UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUBERT CALVIN CARY, JR.

Plaintiff,

-against-

JOHN/JANE DOE, ET AL,

Defendants.

26-CV-6029 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. Plaintiff seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Cary v. Reed*, No. 16-CV-6299 (CM) (S.D.N.Y. Sept. 26, 2016). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings claims relating to peer counseling. Plaintiff's claims are therefore not within the imminent danger exception, and he is barred from filing this action IFP.

**CONCLUSION**

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while a prisoner, unless he shows that he is under imminent threat of serious physical injury. *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 17, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[2] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).